# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### STATE OF TENNESSEE v. JAMES LEE HARRIS

**Appeal from the Criminal Court for Hamilton County**
**Nos. 276738 and 276754     Don W. Poole, Judge**

---

**No. E2012-01029-CCA-R3-CD - Filed January 22, 2013**

---

The defendant, James Lee Harris, appeals as of right from the Hamilton County Criminal Court's orders revoking his probationary sentences and ordering the sentences to be served in confinement. The defendant's counsel has filed a motion to withdraw pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We find the motion well-taken and, in accordance with Rule 22(F), affirm the trial court's orders pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3;Judgments of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Andrew S. Basler, Chattanooga, Tennessee, for the appellant, James Lee Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 23, 2010, the defendant pleaded guilty to domestic assault in case number 276681, to facilitation of aggravated robbery in case number 276738, and to theft of property valued at more than $1,000 in case number 276754. In exchange for his guilty pleas, the defendant received concurrent sentences of 11 months and 29 days, five years and three years, respectively. The sentences for facilitation of aggravated robbery and theft were suspended to supervised probation following the service of 11 months and 29 days' incarceration.

On August 12, 2011, a probation violation report issued alleging that the defendant violated his probation by garnering a new arrest for domestic assault, possessing a firearm during the commission of the offense, failing to obtain employment or provide proof of seeking employment, leaving the county without permission, failing to report, failing to comply with "Alcohol Drug Evaluation," failing to report to the "Job Readiness Class," testing positive for marijuana use on three occasions, failing to pay probation fees, failing to pay restitution, and failing to provide a deoxyribonucleic acid (DNA) sample. An addendum to the probation violation report was issued on August 16, 2011, alleging that the defendant was arrested on August 11, 2011, for contempt of court arising out of a Hamilton County Juvenile Court proceeding.

Based upon these allegations, the trial court issued a probation violation warrant on August 31, 2011, and the defendant was arrested on September 2, 2011. On November 15, 2011, the trial court ordered the defendant furloughed to the custody of the House of Refuge, a Chattanooga halfway house.

On January 11, 2012, a second probation violation report issued alleging that the defendant left the House of Refuge without permission on December 24, 2011. The report alleged that administrators discharged the defendant from the program on December 27, 2011. A March 1, 2012 addendum to the report alleged that the defendant violated his probation by garnering additional arrests of automobile burglary and theft of property valued at less than $500. The defendant pleaded guilty to these charges on February 7, 2012, in the Hamilton County General Sessions Court.

At the April 23, 2012 probation revocation hearing, Yukiko Howard, an officer with the State Board of Probation and Paroles, testified that the defendant had been "[g]enerally . . . noncompliant" throughout his supervision. Ms. Howard testified that the defendant failed to report for his monthly appointments except for one meeting in May 2011. She testified concerning the defendant's garnering the new charges as documented in the probation violation reports. She also reported that the defendant tested positive for marijuana use once in February 2011, when he first began supervision, and twice in May 2011. Ms. Howard testified that the defendant was discharged from the House of Refuge and returned to the workhouse for failing to comply with the halfway house rules.

The defendant testified that he was discharged from the House of Refuge when he refused to comply with a search. He claimed that the administrator asked him to pull his pants down and, when he refused, their exchange escalated into an argument during which the administrator telephoned the police. He claimed that he had no intention to leave the program and wanted to stay. The defendant also disputed the probation officer's claims of his failing to report and testified that he spoke to other individuals at the probation office

who misled him regarding his need to report for meetings. The defendant asked the trial court to return him to probation so that he could obtain employment and support his two children. On cross-examination, the defendant admitted past failed attempts at probation.

At the conclusion of the hearing, the trial court outlined the proof presented and concluded that the defendant had "been given ample opportunity to comply" with the conditions of his release. Consequently, the trial court revoked the defendant's probation and ordered the defendant to serve his sentences in confinement. The defendant filed a timely notice of appeal from the trial court's revocation orders.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer,* 45 S.W .3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App.2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. §40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with §40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* §40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* §40-35-308(c).

The evidence adduced at the hearing established that the defendant repeatedly failed to comply with the conditions of his release by failing to report, failing drug screens, failing to pay fines and restitution, and, most significantly, by committing additional offenses. In consequence, the trial court did not err by revoking the defendant's probation and ordering him to serve the balance of his sentence in confinement.

Accordingly, we affirm the judgments of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE